**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **BELAIR ELECTRONICS, INC.,** | |
| **Plaintiff,** | **Case No.: 1:25-cv-02076** |
| **v.** | **JURY TRIAL DEMANDED** |
| **WALMART INC.,** | |
| **Defendant.** | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff BelAir Electronics, Inc. ("BelAir" or "Plaintiff") complains of Defendant Walmart Inc. ("Walmart" or "Defendant") as follows:

### NATURE OF LAWSUIT

1.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### THE PARTIES

2.      Plaintiff BelAir Electronics, Inc. is an Illinois corporation with its principal place of business at 5723 Antler Lane, Westmont, Illinois 60559.

3.      BelAir is the named assignee of, owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 7,194,291, entitled "Protective Mask of Mobile Phone," which issued on March 20, 2007 (the "'291 Patent") (a true and correct copy is attached as Exhibit A); United States Patent No. 7,941,195, entitled "Protective Mask of Mobile Phone," which issued on May 10, 2011 (the "'195 Patent") (a true and correct copy is attached as Exhibit B); and United States Patent No. 10,097,676, entitled "Protective Mask of Mobile Phone," which

issued on October 9, 2018 (the "'676 Patent") (a true and correct copy is attached as Exhibit C) (collectively, the "Asserted Patents").

4.      BelAir has the exclusive right to license, enforce and collect all past damages for infringement of the Asserted Patents for the period starting six years prior to the filing date of this suit (December 18, 2019) through the expirations of the Asserted Patents. BelAir also has standing to sue for infringement of the Asserted Patents.

5.      The Asserted Patents' claims are currently being challenged at the United States Patent and Trademark Office ("USPTO") pursuant to *ex parte* reexamination ("EPR") proceedings filed by a third party. Accordingly, BelAir brings this action to preserve remaining damages under the Patents Act, but intends to promptly seek stay of these proceedings until resolution of the EPRs.

6.      Upon information and belief, Defendant Walmart Inc. is the parent company, wholly owning affiliated entities of "Walmart" brick and mortar retail stores and the walmart.com domain.

7.      Defendant is a seller and distributor of mobile device cases with the "onn" brand name.

8.      Upon information and belief, Defendant has numerous brick and mortar stores in Texas with at least 7 locations near Austin, Texas:



(See, https://www.walmart.com/store-directory/tx/austin, last accessed on December 16, 2025).

Upon information and belief, Defendant is hiring for numerous positions near Austin, Texas:





(See, https://careers.walmart.com/us/en/results?searchQuery=Looking+for+jobs+in+Austin%3F, last accessed on December 16, 2025). Additionally, Defendant is registered to do business in Texas and has a registered agent located in Texas incident to such registration:



(See, https://direct.sos.state.tx.us/acct/acct-login.asp, last accessed on December 16, 2025 – Texas Secretary of State registration data).

9.      In furtherance of Plaintiff's review and analysis prior to filing this action, Plaintiff studied Defendant's publicly-available product literature and, among other things, purchased "onn. Phone Case for iPhone 11 / iPhone XR - Iridescent Illusion" and "onn. Slim Rugged Phone Case Samsung Galaxy A03s - Red" cases for assessment as representative of Defendant's infringing products (as identified in Exhibit D and Exhibit E and detailed further below). The infringing products detailed, and all substantially similar products, are collectively referred to as the "Accused Products" as detailed further below.

10.     Defendant primarily advertised and sold Accused Products online (see https://www.walmart.com/ and related urls in the walmart.com domain) and which were available to customers in this Judicial District and at Walmart brick and mortar retail stores including those located in this Judicial District.

11.     Defendant offered for sale and sold the Accused Products for mobile devices throughout the United States and this Judicial District.

## JURISDICTION AND VENUE

12.     BelAir's claims for patent infringement against Defendant arise under the patent laws of the United States including 35 U.S.C. §§ 271 and 281. This Court has original and exclusive subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13.     Defendant owns, operates, and conducts business in the state of Texas and directs advertisements at residents of Texas – which were covered by claims of the Asserted Patents – and throughout the United States including this Judicial District.

14.     Defendant is a registered Texas Foreign For-Profit Corporation currently doing business in this Judicial District. Defendant has purposefully availed itself of the privilege of conducting business with residents of this Judicial District, has purposefully reached out to residents of this Judicial District, and has established sufficient minimum contacts with the State of Texas such that it should reasonably and fairly anticipate being haled into court in Texas and this Judicial District.

15.     Personal jurisdiction over Defendant is proper in this Court because Defendant (a) is registered to do business in Texas with a registered agent located in Texas incident to such registration; (b) maintains numerous brick and mortar stores in Texas; (c) has minimum contacts with the State of Texas; and (d) has purposefully availed itself of the privilege of conducting business in the State of Texas.

16.     Venue in this Judicial District is proper under 28 U.S.C. §§ 1391(b), (c) and 28 U.S.C. § 1400(b) because Defendant resides in this Judicial District and/or has committed acts of infringement and has a regular and established place of business.

## THE ACCUSED PRODUCTS

17.    Defendant has infringed certain claims of the Asserted Patents through the manufacture, sale, offer for sale, advertisement, importation, shipment, distribution, and/or use of Defendant's protective masks for mobile devices (the "Accused Products").

18.    As presently advised, the Accused Products include at least the following categories of protective masks for mobile devices ("Case Styles") with the "onn" brand name: Clear (Gel, Transparent TPU); Clear Rugged (MagSafe); Clear Slim Rugged; Dual Layer; Fashion (Abstract Art, Blush, Cascade, Iridescent, Marble, Glitter Ombre, Premium, Terrazzo); Gel; Impact (Clear Black); Kickstand; Lightweight Slim; Protective Gel; Protective Grip; Puffer; Rugged (with Holster); Silicone; Slim Card Case; Slim Rugged; Soft; Folio; Protective Grip; Protect Slim Rugged; Slim Rugged (Gel); and Snap On. (See Exhibit D and Exhibit E; https://www.walmart.com/ and related urls in the walmart.com domain).

19.    As presently advised, the Accused Products include protective masks for at least the following mobile devices: Alcatel TCL 10 5G; Alcatel TCL A3; Apple iPhone 5; Apple iPhone 5c; Apple iPhone 5s; Apple iPhone 6; Apple iPhone 6 Plus; Apple iPhone SE 1st gen (2016); Apple iPhone 6s; Apple iPhone 6s Plus; Apple iPhone 7; Apple iPhone 7 Plus; Apple iPhone 8; Apple iPhone 8 Plus; Apple iPhone X; Apple iPhone XR; Apple iPhone XS; Apple iPhone XS Max; Apple iPhone 11; Apple iPhone 11 Pro; Apple iPhone 11 Pro Max; Apple iPhone SE 2nd gen (2020); Apple iPhone 12; Apple iPhone 12 Mini; Apple iPhone 12 Pro; Apple iPhone 12 Pro Max; Apple iPhone 13; Apple iPhone 13 Mini; Apple iPhone 13 Pro; Apple iPhone 13 Pro Max; Apple iPhone SE 3rd gen (2022); Apple iPhone 14; Apple iPhone 14 Plus; Apple iPhone 14 Pro; Apple iPhone 14 Pro Max; LG K31 Rebel; Motorola Moto G7 Optimo; Samsung Galaxy A01; Samsung Galaxy A02s; Samsung Galaxy A03s; Samsung Galaxy A10e; Samsung Galaxy A11; Samsung Galaxy A20; Samsung Galaxy A21; Samsung Galaxy A32 5G; Samsung Galaxy A50; Samsung

Galaxy A51 5G; Samsung Galaxy A51 LTE; Samsung Galaxy A52 5G; Samsung Galaxy J2; Samsung Galaxy Note9; Samsung Galaxy Note20 5G; Samsung Galaxy Note20 Ultra 5G; Samsung Galaxy S8; Samsung Galaxy S9; Samsung Galaxy S9+; Samsung Galaxy S10; Samsung Galaxy S10+; Samsung Galaxy S10e; Samsung Galaxy S11; Samsung Galaxy S11+; Samsung Galaxy S11e; Samsung Galaxy S20; Samsung Galaxy S20+; Samsung Galaxy S20 Ultra; Samsung Galaxy S21 5G; Samsung Galaxy S21 Ultra 5G; Samsung Galaxy S21 FE; Samsung Galaxy S22 5G; Samsung Galaxy S22+ 5G; Samsung Galaxy S22 Ultra 5G; Samsung Galaxy Z Flip4 5G; Apple iPad 9.7" 5th gen (2017); Apple iPad 9.7" 6th gen (2018); Apple iPad 10.2" 7th gen (2019); Apple iPad 10.2" 8th gen (2020); Apple iPad 10.2" 9th gen (2021); Apple iPad 10.9" 10th gen (2022); Apple iPad Air 9.7" 1st gen (2013); Apple iPad Air 9.7" 2nd gen (2014); Apple iPad Air 10.5" 3rd gen (2019); Apple iPad Air 10.9" 4th gen (2020); Apple iPad Air 10.9" 5th gen (2022); Apple iPad mini 1st gen (2012); Apple iPad mini 2nd gen (2013); Apple iPad mini 3rd gen (2014); Apple iPad mini 4th gen (2015); Apple iPad mini 5th gen (2019); Apple iPad mini 6th gen (2021); Apple iPad Pro 9.7" (2016); Apple iPad Pro 11" 1st gen (2018); Apple iPad Pro 11" 2nd gen (2020); Apple iPad Pro 11" 3rd gen (2021); Apple iPad Pro 11" 4th gen (2022); Samsung Galaxy Tab A 2019; Samsung Galaxy Tab A7 Lite 8.7"; Samsung Galaxy Tab A8 10.5"; Samsung Galaxy Tab S6 Lite 10.4"; and Samsung Galaxy Tab S7 11". (See Exhibit D and Exhibit E; https://www.walmart.com/ and related urls in the walmart.com domain).

20.    The Accused Products also include a smaller subset of protective masks for mobile devices consisting of two portion cases (herein referred to as the "Two Portion Accused Products"). See Exhibit E for a detailed list and exemplary photos of the Two Portion Accused Products. For avoidance of doubt, the Two Portion Accused Products in Exhibit E are a smaller subset of the Accused Products in Exhibit D and are included in and a part of the Accused Products.

All Accused Products are alleged to infringe at least independent Claim 9 of the '195 Patent and independent Claims 1, 5, 8, and 9 of the '676 Patent. In addition to these claims, the Two Portion Accused Products are alleged to additionally infringe at least independent Claims 1, 6, and 9 of the '291 Patent and independent Claims 1 and 6 of the '195 Patent.

21.     The Accused Products, as illustrated below, are those protective masks that are capable of being coupled to a portion of a mobile device so that the mobile device will not fall out of the protective mask. The Accused Products are those protective masks that comprise a flange or retainer (as recited in the asserted claims, *infra*). Upon information and belief, such a flange is indicated by the marking(s) in the illustrations hereinbelow. The Accused Products also may use flange(s) or retainer(s) in conjunction with substantial surface to surface contact by the inner surface of the protective mask which conforms to the contour of the outer surface of the mobile device, working together to provide non-permanent, temporary protection to the mobile device. While not required by all asserted claims, the Accused Products are protective masks that include openings to allow access to the interface as well as inputs and outputs, as well as protective masks that have patterns, nameplates, type, text, or graphic elements. See Exhibit D and Exhibit E for exemplary photos for all categories of Defendant's Case Styles. Below are pictures of representative Accused Products.












onn.   Phone   Case   for   iPhone   11   /   iPhone   XR   -   Iridescent   Illusion:
https://www.walmart.com/ip/onn-Phone-Case-for-iPhone-11-iPhone-XR-Iridescent-
Illusion/1863074982 (See Exhibit D and pictures of representative products).
















onn. Slim Rugged Phone Case Samsung Galaxy A03s - Red: https://www.walmart.com/ip/onn-Slim-Rugged-Phone-Case-Samsung-Galaxy-A03s-Red/482176268 (See Exhibit D and pictures of representative products).

22.     The Accused Products subject to this Complaint include all substantively similar products and any predecessor and/or successor versions that satisfy each limitation of, and therefore infringed, any asserted claim of the Asserted Patents whether sold directly or via other online marketplaces or brick and mortar retail stores.

23.     After adequate discovery, BelAir may seek leave to amend this Complaint to include additional details of infringement, if any, by other products hereafter discovered to infringe the Asserted Patents.

## INFRINGEMENT BY DEFENDANT

## COUNT I: INFRINGEMENT OF UNITED STATES PATENT NO. 7,194,291

24.     Plaintiff BelAir realleges and incorporates by reference paragraphs 1 through 23, inclusive, as though fully set forth herein.

25.     Defendant directly infringed at least independent Claims 1, 6, and 9 of the '291 Patent (prior to its expiration on or about November 16, 2022).

## CLAIM 1

26.     The Two Portion Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask adapted to be coupled to an exterior housing of a mobile phone having internal components including circuitry and a battery, which are covered by the exterior housing, in accordance with the limitations of Claim 1 of the '291 Patent.

27.     Specifically, the Two Portion Accused Products, comprised:

a.     first mask portion, molded to conform to the shape of a first portion of the exterior housing of the mobile phone, the first mask portion having flanges to couple the first mask portion to the exterior housing of the mobile phone to retain the first mask portion to the first portion of the exterior housing so that the first mask portion covers the first portion of the exterior housing of the mobile phone; and;

b.     a second mask portion, molded to conform to the shape of a second portion of the exterior housing of the mobile phone, the second mask portion adapted to be coupled to the mobile phone to retain the second mask portion to the second portion of the exterior housing so that the second mask portion covers the second portion of the exterior housing of the mobile phone;

c.      wherein said first and second mask portions are retained to the exterior housing of the mobile phone.

28.     As presently advised, one or more Two Portion Accused Products also likely satisfied the limitations of, and infringed, dependent Claims 2, 3, 4, and 5 of the '291 Patent.

## CLAIM 6

29.     The Two Portion Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask adapted to be coupled to an exterior housing of a mobile phone, the mobile phone having internal components including circuitry and a battery, which are covered by the exterior housing, in accordance with the limitations of Claim 6 of the '291 Patent.

30.     Specifically, the Two Portion Accused Products comprised:

a.      a[] first mask portion, molded to conform to the shape of a first portion of the exterior housing of the mobile phone, the first mask portion having flanges to couple the first mask portion to the exterior housing of the mobile phone to retain the first mask portion to the first portion of the exterior housing so that the first mask portion covers the first portion of the exterior housing of the mobile phone;

b.      said first mask portion including an opening that is associated with an opening in the exterior housing to permit access to a feature of the mobile phone; and

c.      a second mask portion, molded to conform to the shape of a second portion of the exterior housing of the mobile phone, the second mask portion adapted to be coupled to the mobile phone to retain the second mask portion

to the second portion of the exterior housing so that the second mask portion

covers the second portion of the exterior housing of the mobile phone;

    d.    wherein said first and second mask portions are retained to the exterior

housing of the mobile phone.

31.    As presently advised, one or more Two Portion Accused Products also likely satisfied the limitations of, and infringed, dependent Claims 7 and 8 of the '291 Patent.

## CLAIM 9

32.    The Two Portion Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask adapted to be coupled to an exterior housing of a mobile phone, the mobile phone having internal components including circuitry and a battery, which are covered by the exterior housing, in accordance with the limitations of Claim 9 of the '291 Patent.

33.    Specifically, the Two Portion Accused Products comprised:

    a.    a[] first mask portion, molded to conform to the shape of a first portion of

the exterior housing of the mobile phone, the first mask portion having a

flange to couple the first mask portion to the exterior housing of the mobile

phone to retain the first mask portion to the first portion of the exterior

housing so that the first mask portion covers the first portion of the exterior

housing of the mobile phone;

    b.    the first mask portion including an opening that is associated with an

opening in the exterior housing to permit access to a feature of the mobile

phone;

    c.    a second mask portion, molded to conform to the shape of a second portion

of the exterior housing of the mobile phone, the second mask portion

adapted to be coupled to the housing of the mobile phone to retain the second mask portion to the second portion of the exterior housing so that the second mask portion covers the second portion of the exterior housing of the mobile phone; and

d.      the second mask portion includes an opening that is associated with an opening in the exterior housing to permit access to a feature of the mobile phone.

34.      As presently advised, one or more Two Portion Accused Products also likely satisfied the limitations of, and infringed, dependent Claim 10 of the '291 Patent.

35.      To the extent required by law, BelAir has complied with the provisions of 35 U.S.C. § 287. Further, in instances wherein BelAir has granted rights to third parties prior to expiration of the '291 Patent, BelAir is not aware of any such third party failing to comply with its respective marking obligation prior to expiration of the '291 Patent.

36.      Defendant's direct infringement as described above, either literally or under the doctrine of equivalents, has injured BelAir and BelAir is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**COUNT II: INFRINGEMENT OF UNITED STATES PATENT NO. 7,941,195**

37.      Plaintiff BelAir realleges and incorporates by reference paragraphs 1 through 23, inclusive, as though fully set forth herein.

38.      Defendant directly infringed at least independent Claims 1, 6, and 9 of the '195 Patent (prior to its expiration on or about November 16, 2022).

<u>**CLAIM 1**</u>

39.      The Two Portion Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask

adapted to be coupled to an exterior housing of a mobile phone having internal components including circuitry and a battery, which are covered by the exterior housing, in accordance with the limitations of Claim 1 of the '195 Patent.

40.    Specifically, the Two Portion Accused Products comprised:

a.    a first mask portion, molded to conform to the shape of a first portion of the exterior housing of the mobile phone, the first mask portion adapted to be coupled to the mobile phone to retain the first mask portion to the first portion of the exterior housing so that the first mask portion covers the first portion of the exterior housing of the mobile phone; and

b.    a second mask portion, molded to conform to the shape of a second portion of the exterior housing of the mobile phone, the second mask portion adapted to be coupled to the mobile phone to retain the second mask portion to the second portion of the exterior housing so that the second mask portion covers the second portion of the exterior housing of the mobile phone;

c.    wherein said first and second mask portions are retained to the exterior housing of the mobile phone.

41.    As presently advised, one or more Two Portion Accused Products also likely satisfied the limitations of, and infringed, dependent Claims 2, 3, 4, and 5 of the '195 Patent.

## CLAIM 6

42.    The Two Portion Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask adapted to be coupled to an exterior housing of a mobile phone having internal components including circuitry and a battery, which are covered by the exterior housing, in accordance with the limitations of Claim 6 of the '195 Patent.

43.     Specifically, the Two Portion Accused Products comprised:

    a.     a first mask portion, molded to conform to the shape of a first portion of the exterior housing of the mobile phone, the first mask portion is adapted to be coupled to the mobile phone to retain the first mask portion to the first portion of the exterior housing so that the first mask portion covers the first portion of the exterior housing of the mobile phone;

    b.     said first mask portion including an opening that is associated with an opening in the exterior housing to permit access to a feature of the mobile phone; and

    c.     a second mask portion, molded to conform to the shape of a second portion of the exterior housing of the mobile phone, the second mask portion adapted to be coupled to the mobile phone to retain the second mask portion to the second portion of the exterior housing so that the second mask portion covers the second portion of the exterior housing of the mobile phone;

    d.     wherein said first and second mask portions are retained to the exterior housing of the mobile phone.

44.     As presently advised, one or more Two Portion Accused Products also likely satisfied the limitations of, and infringed, dependent Claims 7 and 8 of the '195 Patent.

## CLAIM 9

45.     All Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask adapted to be coupled to an exterior housing of a mobile phone having internal components including circuitry and a battery, which are covered by the exterior housing, in accordance with the limitations of Claim 9 of the '195 Patent.

46.    Specifically, all Accused Products comprised:

a.    a first mask portion, molded to conform to the shape of a first portion of the exterior housing of the mobile phone; and

b.    the first mask portion having flanges to allow the first mask portion to be coupled to the mobile phone to retain the first mask portion to the first portion of the exterior housing so that the first mask portion covers the first portion of the exterior housing of the mobile phone.

47.    As presently advised, one or more Two Portion Accused Products and also likely satisfied the limitations of, and infringed, dependent Claims 10, 11, and 12 of the '195 Patent.

48.    To the extent required by law, BelAir has complied with the provisions of 35 U.S.C. § 287. Further, in instances wherein BelAir has granted rights to third parties prior to expiration of the '195 Patent, BelAir is not aware of any such third party failing to comply with its respective marking obligation prior to expiration of the '195 Patent.

49.    Defendant's direct infringement as described above, either literally or under the doctrine of equivalents, has injured BelAir and BelAir is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**COUNT III: INFRINGEMENT OF UNITED STATES PATENT NO. 10,097,676**

50.    Plaintiff BelAir realleges and incorporates by reference paragraphs 1 through 23, inclusive, as though fully set forth herein.

51.    Defendant directly infringed at least independent Claims 1, 5, 8, and 9 of the '676 Patent (prior to its expiration on or about October 23, 2021).

## <u>CLAIM 1</u>

52.    All Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask molded for frictional

retention to an exterior housing of a mobile phone having user input and output interfaces, and internal components including circuitry and a battery, wherein the exterior housing completely encloses the circuitry and the battery when the mobile phone is fully assembled and ready for use, the exterior housing having an exterior shape formed by a back surface, and at least portions of opposed side surfaces, in accordance with the limitations of Claim 1 of the '676 Patent.

53.    Specifically, all Accused Products comprised:

a.    an integrally-formed mask body molded and contoured to conform and frictionally-fit tightly against the exterior shape of the exterior housing;

b.    an inner surface of the integrally-formed mask body defining an interior space of the integrally-formed mask body and conforming to and in substantially continuous surface-to-surface contact with the exterior shape of the exterior housing, with no substantial space between the inner surface of the integrally-formed mask body and the exterior shape of the exterior housing;

c.    at least one opening defined by the integrally-formed mask body permitting user access to at least the user input and output interfaces; and

d.    at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

54.      As presently advised, one or more Accused Products also likely satisfied the limitations of, and infringed, dependent Claims 2, 3, and 4 of the '676 Patent.

**CLAIM 5**

55.      All Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask molded for frictional retention to an exterior housing of, and adapted to be coupled to, a mobile communication device having internal components including circuitry and a battery, wherein the exterior housing completely encloses the circuitry and battery when the mobile communication device is fully assembled and ready for use, and wherein the exterior housing has an exterior shape including a back face and at least portions of opposed side surfaces, in accordance with the limitations of Claim 5 of the '676 Patent.

56.      Specifically, all Accused Products comprised:

a.       an integrally-formed mask body molded and contoured to conform and frictionally fit to the exterior shape of the exterior housing;

b.       an inner surface of the integrally-formed mask body defining an interior space of the integrally-formed mask body and conforming to and in substantially continuous surface-to-surface contact with the exterior shape of the exterior housing in overlying and protecting relationship, without a substantial gap between the inner surface of the integrally-formed mask body and the exterior shape of the exterior housing, the integrally-formed mask body defining an opening enabling the mask to be placed over the exterior shape in overlying and protecting relationship; and

c.       at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed

mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

57.    As presently advised, one or more Accused Products also likely satisfied the limitations of, and infringed, dependent Claims 6 and 7 of the '676 Patent.

## CLAIM 8

58.    All Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a mask for attachment to a hand-held mobile phone, the mobile phone having user input and output interfaces, internal components including circuitry and a battery, and an exterior housing completely enclosing the circuitry and battery when the mobile phone is fully assembled and ready for use, the exterior housing including a first face, a second face and opposed side surfaces there between, in accordance with the limitations of Claim 8 of the '676 Patent.

59.    Specifically, all Accused Products comprised:

a.    an integrally-formed mask body molded to conform to a shape of the exterior housing;

b.    inner and outer surfaces, the surfaces defining at least one opening in the integrally-formed mask body providing access to at least one of the user input and output interfaces, the integrally-formed mask body being configured such that, when the mask is attached to the mobile phone, the integrally-formed mask body is coextensive with, contours to and overlies

the opposed side surfaces, with substantially no space between the mask body and the opposed side surfaces; and

c.    at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

## CLAIM 9

60.    All Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask molded for frictional retention to an exterior housing of a fully assembled mobile communication device having user input and output interfaces, the mobile communication device further having internal components including circuitry and a battery completely enclosed by the exterior housing, and the exterior housing having an exterior shape formed by a back surface and at least portions of opposed side surfaces, in accordance with the limitations of Claim 9 of the '676 Patent.

61.    Specifically, all Accused Products comprised:

a.    an inner surface closely conforming to the exterior shape of the exterior housing and in substantially continuous surface-to-surface contact with the exterior shape of the exterior housing, with substantially no space between the inner surface of the protective mask and the exterior shape when the protective mask is retained to the exterior housing, the protective mask being molded, integrally formed, contoured and sized to fit tightly against

the exterior shape of the exterior housing, thereby providing retention of the

protective mask to the exterior housing;

b.    at least one opening defined by the protective mask permitting user access

to at least the user input and output interfaces; and

c.    at least one retainer having an extension protruding laterally inward from

the integrally-formed mask body and toward and into the integrally-formed

mask body interior space, wherein the at least one retainer is retained to the

exterior housing at an exterior housing edge when the mask is coupled to

the mobile communication device, the at least one retainer participating in

retaining the integrally-formed mask body to the mobile communication

device.

62.    As presently advised, one or more Accused Products also likely satisfied the

limitations of, and infringed, dependent Claims 10, 11, and 12 of the '676 Patent.

63.    To the extent required by law, BelAir has complied with the provisions of 35 U.S.C.

§ 287. Further, in instances wherein BelAir has granted rights to third parties prior to expiration

of the '676 Patent, BelAir is not aware of any such third party failing to comply with its respective

marking obligation prior to expiration of the '676 Patent.

64.    Defendant's direct infringement as described above, either literally or under the

doctrine of equivalents, has injured BelAir and BelAir is entitled to recover damages adequate to

compensate it for such infringement, but in no event less than a reasonable royalty.

**PRAYER FOR RELIEF**

A.    WHEREFORE, Plaintiff BelAir Electronics, Inc. respectfully requests this Court

to enter judgment against Defendant Walmart Inc. – and against each of its subsidiaries,

successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with it – granting the following relief:

B.     The entry of judgment in favor of Plaintiff and against Defendant;

C.     An award of damages against Defendant adequate to compensate Plaintiff for the infringement that occurred from at least December 18, 2019, through expirations of the Asserted Patents, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date infringement began; and

D.     Such other relief to which Plaintiff is entitled under the law and any other and further relief that this Court or a jury may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues presented in this Complaint.


Dated: December 18, 2025                    Respectfully submitted,

                                            */s/ Timothy J. Haller*
                                            Timothy J. Haller 3125265(IL)
                                            HALLER LAW PLLC
                                            230 E Delaware Pl, Ste 5E
                                            Chicago, IL 60611
                                            Phone: (630) 336-4283
                                            haller@haller-iplaw.com

                                            ***Attorney for Plaintiff,***
                                            ***BelAir Electronics, Inc.***